## THE SEATRAIN–HAVANA.
## THE IRVING.
### No. 274.

Circuit Court of Appeals, Second Circuit.

May 1, 1939.

Carter, Ledyard, & Milburn, of New York City, for American Molasses Company, Inc.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for Seatrain Lines, Inc.

Burlingham, Veeder, Clark & Hupper, of New York City (John L. Galey and Edward L. Smith, both of New York City, of counsel), for Manhattan Lighterage Corporation.

Thomas A. McDonald, of New York City, for Conners Marine Company, Inc.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The American Molasses Company of New York owned in December, 1933, certain molasses in barrels which had been shipped from Belle Chasse, La., for delivery to it as consignee at its plant at Erie Basin, Brooklyn, N. Y. The shipment had been brought to the pier of the Seatrain Lines, Inc., at Hoboken, N. J., on the S.S. "Seatrain Havana", owned by Seatrain Lines, Inc., under a bill of lading issued by that carrier which undertook to complete its contract of carriage by having the molasses taken from Hoboken to the Brooklyn plant of the consignee by the Manhattan Lighterage Corporation which was under contract to the carrier to perform this service. Manhattan Lighterage Corporation undertook to perform its contract and in so doing used the deck lighter "Irving" which it had under a demise charter from the lighter's owner, Conners Marine Company, Inc. The lighter was

loaded with molasses and taken to the plant of the Molasses Company at Erie Basin where it lay in a slip a day or two until, on December 31, 1933, it dumped its cargo. The cargo sustained damage and salvage expenses were incurred.

In April, 1934, the American Molasses Company of New York brought suit against Seatrain Lines, Inc., in the District Court for the Southern District of New York to recover the loss it sustained when the "Irving" dumped its cargo and Seatrain Lines, Inc., impleaded the Manhattan Lighterage Corporation. The latter under the 56th Admiralty Rule, 28 U.S.C.A. following section 723, impleaded Conners Marine Company, Inc., in personam and the "Irving" in rem claiming the loss had been caused by the unseaworthiness of the "Irving" for which its owner was liable. Conners Marine Company, Inc., appeared as claimant of the "Irving". A suit had also been brought by Conners Marine Company, Inc., in the District Court for the Eastern District of New York against Manhattan Lighterage Corporation to recover for the damage sustained by the lighter and the suits were consolidated for hearing together in the Eastern District.

After hearing, an interlocutory decree was entered under which both the Conners Marine Company, Inc., and the lighter were held liable for the damage to the molasses with liability secondarily upon Manhattan Lighterage Corporation and then upon Seatrain Lines, Inc. The Irving, D.C., 16 F.Supp. 22. That decree was affirmed by this court. American Molasses Co. v. The Seatrain Havana, 2 Cir., 91 F. 2d 1011.

Thereafter a decree was entered upon our mandate and there was a reference to a commissioner to ascertain and compute the amount of the libellant's damages. Numerous hearings were held by the commissioner, who found that the damages actually sustained amounted to $29,195.31, but because of the failure to claim as much under a notice of claim provision in the bill of lading and a stipulation which limited them to $17,458.31 the damages were reduced to the last named sum plus interest from January 2, 1934. Manhattan Lighterage Corporation had also incurred salvage expenses to the amount of $1,-640.45 which were, by stipulation included in the final decree.

This appeal relates only to claimed errors in denying a motion by Conners Marine Company, Inc., made after the final decree in the District Court had been signed, to permit additional testimony to be taken and an amendment of the pleadings to conform to the proof as thus made.

Had the motion been granted the appellant would have been able to prove the following facts of which it was ignorant until about April 30, 1937, when the hearings before the commissioner were being conducted, viz:

The Atlantic Mutual Insurance Company, as the cargo insurer of the molasses, had paid to the American Molasses Company of New York on March 31, 1934, prior to the date the latter brought this suit, the sum of $17,458.31 in full settlement for the loss. On January 21, 1935, the Aetna Insurance Company, which had insured the liability of Manhattan Lighterage Corporation, paid to the American Molasses Company of New York the sum of $14,839.93 and Manhattan Lighterage Corporation took a loan receipt from American Molasses Company of New York showing that repayment was to be made only out of any net recovery on account of damage to the molasses and that the latter would " * * * commence and prosecute suit against Conners Marine Company, Inc., and/or the lighter Irving or any other person or corporation as directed by Manhattan Lighterage Corporation with all diligence, at the expense and under the exclusive direction and control of the said Manhattan Lighterage Corporation".

The Aetna policy was marked for identification and offered in evidence. It was excluded by the commissioner and appellant requested an adjournment to provide an opportunity to make an application to the court and this was granted. Its proctor later informed the commissioner that no application to the court would be made; the hearings were closed; and a date set for the filing of briefs. Instead of doing that, however, Conners Marine Company, Inc., filed, on August 26, 1937, a petition for exoneration or limitation of liability in the District Court for the District of New Jersey within which the "Irving" then lay and secured an ex parte order restraining further proceedings before the commissioner in New York. These New Jersey proceedings were dismissed on No-

vember 8, 1937, for lack of jurisdiction and then the commissioner filed his report on December 22, 1937. It is urged that the appeal is without merit both because appellant was guilty of laches and because the facts it sought to plead and prove were immaterial.

We prefer to base our decision on the last named ground without regard to the question of laches. There has evidently been some confusion as to the effect of the payment of insurance, due perhaps to the fact that so many causes of action have, under established admiralty procedure, been heard together but perhaps merely because the appellant has attributed to a clause in the Aetna Insurance Company's policy an unwarranted legal significance in connection with the settlement made by that company in behalf of Manhattan Lighterage Corporation.

The policy covered the legal liability of Manhattan for account of whom it may concern and the clause mentioned read as follows: "The rights of subrogation against the Manhattan Lighterage Corporation and/or Flower Lighterage Co., Inc., and/or vessels owned, chartered and/or operated by them, are hereby waived".

The appellant insists that the payment under this policy discharged its own liability as though it had been insured under the policy and all right of action against it had been waived.

We shall pass the rather peculiar language of the clause without further comment for it clearly applies to only one of the parties to this suit, viz., Manhattan Lighterage Corporation and to vessels owned, chartered or operated by it. Nor shall we attempt to define carefully just what it does mean. It is enough for present purposes that it does not touch the liability of the Conners Marine Company, Inc., in personam whatever its effect may be as to the in rem liability of the lighter owned by that corporation and chartered by Manhattan Lighterage Corporation.

The appellant, of course, recognizes the ordinary right of an underwriter to enforce, after payment of its liability under the policy, its claim by way of subrogation against the party responsible for the loss.

The payment of Aetna under its policy certainly had no effect upon the appellant's liability in personam and, without meaning to imply that it otherwise would have, that is so because when the payment was made the loan receipt taken provided for the maintenance of just such a suit as this against the appellant. Seatrain Lines, Inc., was liable to American Molasses Company of New York under the bill of lading; Manhattan Lighterage Corporation was liable to Seatrain under the lighterage contract; and appellant was liable to Manhattan under the charter. Because of the procedural short-cuts permitted, such liability could be determined in one suit without the consecutive determinations and satisfactions of liability that would otherwise have been necessary to have fixed the ultimate liability of appellant. But that in no way changes the status of any of the parties on this appeal. Manhattan was left free, under the terms of the loan receipt, to recover from the appellant the amount of its "loan". Luckenbach v. W. J. McCahan Sugar Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A.L.R. 1522. The language employed made it clear that the parties so intended and that controls. Pacific Fire Ins. Co. v. Pennsylvania Sugar Co., 3 Cir., 72 F.2d 958. The fact that what went to the Molasses Company came from the Aetna Insurance Company and not from Manhattan so that Aetna may be the real party in interest is of no consequence so far as Conners Marine Company, Inc., is concerned for under familiar principles Aetna took by subrogation whatever rights Manhattan acquired through the payment or "loan" to Molasses Company except only what it had agreed not so to acquire. We need not stop to decide whether the limitation on subrogation would have in any event inured to the benefit of a third party like the appellant because in terms any satisfaction by Aetna of its policy liability left it in a position to take by subrogation any rights which were not "against" Manhattan or its vessels. The ultimate liability of the appellant was based upon the kind of unseaworthiness of the lighter for which it was alone responsible. That being so, satisfaction of its liability will give it no right of action against Manhattan and the limited waiver clause in the Aetna policy above mentioned has no application. Consequently, neither the clause itself nor the additional facts appellant desired to prove were material and there was no error.

Decree affirmed.